UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOYCE SPEARS

VERSUS

STATE OF LOUISIANA AND
LOUISIANA COMMISSION ON
LAW ENFORCEMENT

CIVIL ACTION

NO. 11-66-BAJ-CN

## RULING

This matter is before the Court on a motion by defendant, State of Louisiana
through the Louisiana Commission on Law Enforcement, to dismiss (doc. 13).
Jurisdiction is based on 28 U.S.C. § 1331.

On October 21, 2009, plaintiff filed an action against defendant, her former
employer, alleging discrimination as well as retaliation for having filed a complaint
of discrimination with the Equal Employment Opportunity Commission (No. 3:09-cv-
0905-BAJ-CN, doc. 1). On February 6, 2011, plaintiff filed a motion for leave to
amend the complaint in that matter to assert a separate claim of retaliation for
having filed the lawsuit (*Id.*, doc. 29). That motion was denied (*Id.*, doc. 30), and
plaintiff filed the present lawsuit on the following day (doc. 1).[1]

Defendant asserts that the present action is barred by *res judicata*. The
doctrine of res judicata applies where four elements are present: 1) the parties in

---

[1]Plaintiff has submitted a Right-to-Sue Letter, dated November 9, 2010 (doc. 1-3).

both the prior suit and the current suit are identical; 2) a court of competent jurisdiction rendered the prior judgment; 3) the prior judgment was final and on the merits; and 4) the plaintiff raises the same cause of action in both suits. *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir., 2004) (citing *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).

Neither party disputes that the first three elements are satisfied in the present case. As to the fourth element, defendant asserts that the previous matter and the present matter share a common nucleus of operative facts and that the alleged conduct in the present action is merely a continuation of the conduct alleged in the previous action. As is noted *supra*, however, plaintiff's claim in the present matter is based on an allegation that defendant retaliated against her for filing the complaint in the previous lawsuit. Thus, the present claim could not, as a practical matter, have arisen before plaintiff filed the previous complaint. Neither the allegedly precipitating event nor the alleged acts of retaliation had occurred before the complaint was filed in the previous matter. Accordingly, the Court finds that, though the cause of action asserted in the present action is tangentially related to the causes of action asserted previously, it arises out of a different nucleus of operative facts. Therefore, the present cause of action is not the same cause of action asserted in the previous lawsuit.

Moreover, "[j]udicial finality-the predicate for res judicata- arises only from a decision rendered after the parties have been given a reasonable opportunity to

2

litigate a claim before a court of competent jurisdiction." *Liberto v. D.F. Staruffer Biscuit Co., Inc.* 441 F.3d 318, 328, n. 31 (5th Cir. 2006) (quoting, *Kaspar Wire Works, Inc.*, 575 F.2d 530, 537-38 (5th Cir. 1978). The record of the previous matter demonstrates that plaintiff sought leave to amend her complaint to assert the present cause of action. In denying leave to amend the complaint, the Magistrate Judge did not provide written reasons.[2] Accordingly, the Court also finds that the parties have not had a reasonable opportunity to litigate the present claim.

## CONCLUSION

For all of the above reasons, the motion by defendant, State of Louisiana through the Louisiana Commission on Law Enforcement, to dismiss (doc. 13) is **DENIED.**

Baton Rouge, Louisiana, August **25**, 2011.

_____
BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[2]The ruling referenced a Report and Recommendation which was pending at the time of the ruling. Nothing in the Report and Recommendation, however, addressed the merits of the present claim.

3

Case 3:11-cv-00066-BAJ -CN   Document 25    08/26/11   Page 3 of 3